# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TAALIK IBN'RAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09-CV-1063 CAS |
| ) | |
| GOOGLE, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action alleging that defendant Google, Inc., acted in a discriminatory manner when it suspended his You Tube account. Plaintiff claims that he did not violate You Tube's "terms of use," but rather he is a male who offered "positive videos for the black community." Plaintiff asserts that "You Tube makes it easy for silly complaints to have videos or channels removed after hours of labor building a channel or page." In his request for relief, plaintiff seeks to have his "channel uploaded again," as well as a "refund of his money paid for marketing videos," and "a change in policy to make it difficult to have channels suspended."

**Discussion**

Having carefully reviewed the complaint, the Court concludes that this action should be dismissed for lack of subject matter jurisdiction. Plaintiff has not identified a federal question at issue, 28 U.S.C. § 1331. Moreover, plaintiff has not pleaded the requisite elements to establish diversity jurisdiction, pursuant to 28 U.S.C. § 1332. As a result, the complaint will be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks jurisdiction over this action. See 28 U.S.C. § 1915(e)(2)(B); Federal Rule of Civil Procedure 12(h)(3).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [Doc. 4]

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   10th   day of July, 2009.